IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01715-RM-BNB

DOUGLAS BAILEY,

Plaintiff,

v.

CITY OF ENGLEWOOD,

Defendant.

## ORDER

This matter arises on the defendant's **Motion for Sanctions** [Doc. # 65, filed 4/16/2014]. I held a hearing on the Motion for Sanctions this afternoon and made rulings on the record, which are incorporated here.

The defendant served discovery requests on the plaintiff on October 23, 2013. Several extensions to respond were granted, the last expiring on January 13, 2014. The plaintiff failed to make discovery on January 13, however, resulting in the defendant filing a Motion to Dismiss for Failure to Prosecute [Doc. # 42]. New counsel entered its appearance on the plaintiff's behalf on January 23, 2014.[1] I held a hearing on the Motion to Dismiss for Failure to Prosecute on February 18, 2014. I denied the motion insofar as it sought dismissal, but I did order the plaintiff to respond to the defendant's discovery by March 4, 2014.

The defendant reports that it received responses to the outstanding interrogatories, but no

---

[1] The plaintiff's initial counsel was allowed to withdraw on December 11, 2013. Order [Doc. # 37]. He proceeded pro se until substitute counsel entered its appearing on January 23, 2014.

response to the production requests was received. The plaintiff has not provided the written response required by Fed. R. Civ. P. 34(b)(2)(A) and (B), and has not produced the documents as they are kept in the usual course of business or organized and labeled them to correspond by the categories in the request as required by Rule 34(b)(2)(E)(i). The documents which have been produced have been provided sporadically, and not on March 4, 2014, as order. Several categories of requested documents have not been provided or responded to at all.

IT IS ORDERED:

(1) The Motion for Sanctions [Doc. # 65] is DENIED insofar as it seeks dismissal of the action as a discovery sanction but is GRANTED insofar as it requests an order compelling discovery.

(2) Except as provided in paragraph (3) below, on or before May 22, 2014, the plaintiff shall (i) serve a written response consistent with the requirements of Fed. R. Civ. P. 34(b)(2)(A) and (B) stating whether all responsive documents in his possession, custody, and control are produced with the response, whether objection is made in whole or in part to any request, and whether any documents will be made available for inspection; (ii) produce all responsive documents in the plaintiff's possession, custody, and control, or make the responsive documents available for inspection and copying as they are kept in the usual course; and (iii) if documents are produced with the response, label them to correspond by the categories in the request as required by Fed. R. Civ. P. 34(b)(2)(E)(i).

(3) The Federal Rules of Civil Procedure do not require the execution of releases to obtain records as requested by Request for Production No. 5. The plaintiff may execute the releases if he consents, but I am not compelling the execution. If the plaintiff does not execute

releases, the defendant may subpoena the documents directly from their source

(4)     The defendant is awarded its reasonable expenses incurred in making the Motion for Sanction, including its attorneys fees.  The award is made jointly and severally against the plaintiff and his counsel.  To facilitate the award, the defendant shall prepare and submit to plaintiff and his counsel, on or before May 15, 2014, a fee application.  If agreement is not reached on the amount and the award is not satisfied in full, defendant shall file its fee application on May 22, 2014.

Dated May 8, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge