IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01715-RM-BNB

DOUGLAS BAILEY,

Plaintiff,

v.

CITY OF ENGLEWOOD,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

This matter arises on **Plaintiff's Contested Motion to Amend Second Amended Complaint** [Doc. # 62, filed 4/14/2014] (the "Motion to Amend").  I respectfully RECOMMEND that the Motion to Amend be DENIED.

The action was commenced on June 28, 2013, by the filing of a Complaint [Doc. # 1]. At that time, the plaintiff was represented by Lisa Shellenberger. The initial Complaint alleged three claims: (1) Violation of Plaintiff's Federal and State Constitutional Right to Due Process; (2) Violation of the Americans With Disabilities Act, 42 U.S.C. § 12111, et seq.; and (3) Hostile Work Environment.

The plaintiff, still represented by Ms. Shellenberger, filed an Amended Complaint [Doc. # 19] on August 16, 2013. The Amended Complaint continued to assert the same three causes of action. The plaintiff, through Ms. Shellenberger, filed a Second Amended Complaint [Doc. # 27] on September 19, 2013. The Second Amended Complaint asserted a single cause of action-- Violation of the Americans With Disabilities Act, 41 U.S.C. §12111, et seq.

Ms. Shellenberger was allowed to withdraw from her representation of the plaintiff on December 11, 2013, based on the plaintiff's "extreme lack of communication" with his lawyer and a failure to make payments when due. Motion [Doc. # 31] at ¶¶2-3; Order [Doc. # 37]. Substitute counsel entered its appearance on January 23, 2014. Entry of Appearance [Doc. # 48]. The Motion to Amend, seeking leave to file a Third Amended Complaint, was filed on April 14, 2014. The proposed Third Amended Complaint continues to assert the claim for Violation of the Americans With Disabilities Act, and seeks to add a claim for Violation of the Rehabilitation Act and to reassert the Due Process claim.[1]

>   The law concerning the amendment of pleadings is well-settled:
>
>> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal quotations and citations omitted).

In this case, the plaintiff included a Due Process claim in his initial Complaint [Doc. # 1] and in the Amended Complaint [Doc. # 19]. Then, for unexplained reasons, he omitted the Due Process claim from his Second Amended Complaint [Doc. # 27]. No reasonable explanation is

---

[1] The Motion to Amend also sought leave to add an equal protection claim, but plaintiff's counsel withdrew that request on May 8, 2014, during oral argument on the Motion to Amend.

offered for the plaintiff's repeated change of position.[2]  He obviously knew of the facts underlying his Due Process claim from the time the case commenced, but later withdrew it. Under these facts, I find that the plaintiff's undue delay precludes amendment to assert again the Due Process claim previously made and withdrawn.

Similarly, the plaintiff admits in the Motion to Amend that he was aware of the facts underlying his proposed Rehabilitation Act claim.  In particular, the plaintiff argues:

> The factual predicate for claims under the [Rehabilitation Act] are substantially equivalent to those of the ADA.  The additional factual predicates for a claim under The [Rehabilitation Act] are whether [the defendant] received federal financial assistance at the time Plaintiff was terminated and his termination was solely due to his disability.  Whether [the defendant] receives federal financial assistance is a matter of public record. . . .

Motion to Amend [Doc. # 62] at pp. 6-7.  Again, I find that the plaintiff knew or reasonably should have known the facts underlying his Rehabilitation Act claim at the commencement of the action nearly one year ago and unreasonably delayed in bringing that claim.

---

[2] The plaintiff suggests that the case previously was mishandled by Ms. Shellenberger based on her inexperience.  Motion to Amend [Doc. # 62] at ¶¶3-4 and 7.  That unsubstantiated assertion, alone, does not explain why the Due Process claim, asserted in the initial and first amended complaints, was later dropped, nor does it excuse the plaintiff's undue delay in bringing claims known or which reasonably should have been known.

I respectfully RECOMMEND that the Motion to Amend [Doc. # 62] be DENIED based on the plaintiff's undue delay in asserting the proposed additional claims.[3]

Dated June 17, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).