IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01715-RM-BNB

DOUGLAS BAILEY,

Plaintiff,

v.

CITY OF ENGLEWOOD,

Defendant.

_____

**ORDER**
_____

This matter arises on the **Plaintiff's Motion for Protective Order** [Doc. # 83, filed

8/4/2014] (the "Motion for Protective Order"), which is DENIED.

The plaintiff was employed as a fire fighter with the Englewood Fire Department from

September 9, 2006, through December 8, 2011.  Second Amended Complaint [Doc. # 27] at ¶7.

He suffered an injury on the job in June 2009 for which he underwent surgery in July 2009.  Id.

at ¶8.  The plaintiff alleges that in September 2009, while recovering from his surgery, he

"started to experience debilitating depression."  Id. at ¶9.  The plaintiff was terminated from his

employment in December 2011.  Id. at ¶39.  As a result, the plaintiff brings this action for

violation of the Americans With Disabilities Act, 42 U.S.C. § 12111, et seq.

The plaintiff seeks a protective order preventing the defendant from discovering

information, including medical records, concerning treatment for a "dermal condition" which he

argues is unrelated to the issues in this case.  I held a hearing on the Motion for Protective Order

and, subsequently, required the plaintiff to provide for in camera review the particular medical

records at issue.  I have reviewed the medical records in question.

In response to written discovery, the plaintiff identified the following impairments to

major life activities resulting from his depression:

> As a result of [defendant's] harassment, which exacerbated my
> severe situational depression, my sleep pattern was disturbed by
> periods of insomnia and hypersomnolence beyond anything I
> previously experienced as an EMS professional; my appetite was
> diminished; my libido was diminished, and I lost my sex drive to
> the point that I had to take Viagra to perform intercourse.  I also
> developed PTSD, and later was diagnosed with ADHD.  I became
> substantially limited in my ability to participate in other major,
> daily life activities such as preparing meals, concentrating,
> communicating with others, and otherwise being able to
> adequately take care of myself.  I was treating with mental health
> professionals throughout the two years after my depression set in,
> but the pervasive and constantly hostile work environment on B-
> Shift caused my depression to grow ever more severe as long as I
> continued to work at EFD.

Response to Interrogatory 2 [Doc. # 89-1].  He seeks damages for emotional distress, among

other things.

There is no dispute that federal privilege law governs this matter, which arises under a

federal statute.  LeFave v. Symbios, Inc., 2000 WL 1644154 *2 (D. Colo. April 14, 2000).

Federal courts in this circuit do not recognize a physician-patient privilege.  Id.  Instead,

discovery of medical records is governed by Fed. R. Civ. P. 26(b) and (c) concerning relevancy

and protection form annoyance, embarrassment, oppression, or undue burden.  Id.  Here, the

plaintiff argues that medical records concerning his dermal condition have "no bearing on the

claims at issue in this case and . . . no likelihood of leading to the discovery of admissible

evidence."  Motion for Protective Order [Doc. # 83] at p. 1.

Contrary to the plaintiff's argument, I find that the medical records at issue relate directly

to at least one of his claimed injuries of depression, sleep pattern disturbance, insomnia,

hypersomnolence, diminished appetite, diminished libido, and/or lost sex drive.  As a result, the

records are relevant and must be produced.

IT IS ORDERED:

(1)      The Motion for Protective Order [Doc. # 83] is DENIED; and

(2)      The plaintiff shall produce unredacted medical records on or before September

16, 2014.

Dated September 8, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge